**PETRO v DONNER**

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17051.   Decided Dec. 18, 1939

118

Harrison & Marshman, Cleveland, for plaintiff-appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellant.

## OPINION

By LIEGHLEY, J.

Plaintiff, a minor about twelve years of age, filed a petition in the Common Pleas Court to recover damages for personal injuries sustained by him while crossing Superior Avenue by being struck by an automobile driven by the defendant. The major injury claimed by him was a broken leg.

The case eventually came to trial and resulted in a verdict in his favor in the sum of Five Hundred Dollars ($500.00). Apparently not satisfied with the amount of the verdict, the plaintiff filed a motion for new trial.

Thereupon depositions of several jurors were taken with the obvious purpose of ascertaining whether all the answers given by those jurors on voir dire examination were true. Inquiry had been made of each of these jurors on voir dire examination whether either had sustained an accidental injury in times past; whether either had presented a claim for personal injuries to anyone; whether any claim had ever been presented to either of them by someone else claiming damages, etc., to all·of which on voir dire examination each juror had either answered in the negative or remained silent, the equivalent of the negative.

In these depositions, it was disclosed that one juror had sustained an injury two or three years before, consisting of a slightly bruised big toe by a taxicab turning a corner, accidentally running over her foot, for which a settlement for the sum of $10.00 was made. No loss of time or work resulted thereform.

Another juror admitted in deposition that some years prior while driving a truck on East 105th St., his truck skidded into an automobile as a result of which no one was injured and the

damage, if any, to either car was very insignificant. Also, on voir dire examination, this juror was asked whether in his business of investigating, engaged in at another time by him, the same included accidents for personal injury cases, which he answered in the negative. In deposition he admitted that among the many things that were assigned to him to investigate sometimes personal injury cases were assigned. Further than those circumstances nothing appeared to indicate bias or ·prejudice on the part of this juror.

The trial court, as a result of these depositions, granted the motion for a new trial, and made the following entry:

"Motion for new trial is granted on the sole ground that two jurors did not fully disclose regarding former accidents."

An appeal on questions of law was perfected from this order claiming that the trial court in making the same was guilty of an abuse of discretion.

On hearing, it was stated to us in this case, as it has been stated in cases heard by us heretofore, that the trial court was persuaded to grant the motion by virtue of the holding in the case of **Cleveland Railway Company v Myers, 50 Oh Ap 224.** The syllabus in this case reads:

"1. Where prospective jurors, on voir dire examination in a personal injury negligence case, are asked whether anyone of them had ever had a claim for personal injuries against anyone, and one juror who had, remained silent and sat in the case, the defendant, by reason of such misconduct on the part of the juror, is denied the right to challenge such juror on suspicion of prejudice, or peremptorily, and is entitled to a new trial."

It is unfortunate that this decision has resulted in so much confusion, if all reports to us be true. The confusion arises from an interpretation that the rule applies to every failure to disclose.

It is a generally accepted rule of construction that the syllabus of a case is written with reference primarily to the particular facts of that case. The holding in the Myers case does not and never was intended to control in any case such as this one.

The facts of the Myers case disclose a very severe injury sustained in an accident for which claim for damages was made, consisting of a "broken neck" as termed by the juror, followed by hospital and medical care for the period required to effect a cure, and the juror in the Myers case remained silent when inquired of in respect to this prior experience.

It is beyond human belief that a juror, who sustained a broken neck or broken legs or arms, or any other injury which required long hospitalization and medical care could fail to recall such experience for the remainder of his life, and when inquiry is made regarding such past experience he fails to disclose, the presumption should prevail that he failed to disclose from some ulterior motive of his own, or concealed same by reason of a mentality that should in and of itself disqualify him as a juror.

The incidents involved in the instant case are so trivial and insignificant that a juror might very well not recall them. Such trivial incidents occurring years prior to the inquiry, unassociated with any other evidence or circumstances, fall far short of suggesting any suspicion of bias or prejudice.

The facts in the Myers case and the facts in the instant case present situations that approximate the two extremes. The facts of the Myers case clearly justify a trial court in granting a motion for a new trial for misconduct of a juror. The failure to disclose an accident resulting in such serious injury may well be presumed to have occurred from some motive resting in the mind of such juror of a nature prejudicial to one litigant or the other. Such presumption may be rebutted but it should not be held to be rebutted except upon such proof as would appeal to the average prudent individual as, a rational excuse.

The situation is just the opposite in the instant case. No presumption or inference of bias or prejudice would be presumed or arise from the failure to recollect for two or twenty years the insignificant occurrences which these jurors failed to recollect upon inquiry.

In an examination of a situation presented under the circumstances in this and similar cases, consideration should always be given to the circumstances surrounding an inquiry on voir dire. Twelve jurors are called to the jury box who are laymen and generally inexperienced in such matters. Doubtless they are solicitous about what is in the offing for them by way of questions. Suddenly court or counsel question them with respect to the experience or accidents in which they may have been involved for years gone by. The question compels them to search their minds and memories for occurrences significant or insignificant over a period of years. It is not within the normal intellectual powers of the average individual to remember every insignificant incident of his life over many years upon sudden inquiry. On the other hand, it is clearly a mental power of every average individual to clearly recollect that at some time, maybe years before, he was in an accident wherein he sustained a broken back or broken legs or similar serious injury.

There is a wide gulf between the situation presented by the Myers case, and a situation such as presented in the instant case. Unquestionably, there is reposed in the trial judge a wide discretion to be exercised soundly in determining whether or not a particular or peculiar set of facts probably evidences bias or prejudices on the part of a prospective juror.

Jurors on voir dire examination should honestly answer proper questions without mental reservation so as to disclose the facts upon which a party may base a challenge either upon suspicion of prejudice or peremptorily. If a juror honestly has forgotten some incident in his life which should have been disclosed in answer to a question,

it then becomes the duty of the court in the exercise of sound discretion to determine whether the non-disclosure by the juror resulted in prejudice to the party complaining.

In the exercise thereof, the apparent mentality of the juror, the severity of the injury, the time that has elapsed, the period of hospital and medical care, the extent to which a cure was effected and normal conditions restored, and all the surrounding incidents and circumstances, should be considered in forming an opinion whether the prospective juror was probably biased or prejudiced. Further, were the results of the negotiation for settlement or the litigation over the claim satisfactory to the juror or such that his mind may be a little off center in favor of one or the other by reason of results unsatisfactory to him in his own claim or one made against him. All this is to ascertain whether the juror really forgot or purposely concealed on his voir dire examination and then to determine from all the circumstances whether the juror might have been challenged for suspicion of prejudice upon any reasonable ground or peremptorily, if he had made full disclosure on voir dire.

It should be evident to anyone that in the Myers case the facts do justify a finding of at least suspicion of prejudice. It should be evident to anyone that in the instant case the facts presented without further evidence do not.

It was error of law to grant a motion for a new trial in the instant case. But for the fact that the trial court felt impelled to extend and apply the holding in the Myers case and believed that the principle of that case should be extended to the facts in this case, in the opinion of the writer the granting of such motion would be an abuse of discretion. Under the circumstances, and by reason of the confusion that has ensued erroneously in the application of the holding in the Myers case, it is our conclusion that it constituted only an error of law.

That circumstances may arise wherein the trial court may be held to have

been guilty of abuse of discretion in granting a new trial is not a final be regarded as established in this State by the case of **Hoffman v Knollman, 135 Oh St 170,** the second paragraph of the syllabus of which reads as follows:

"2. An order of a trial court setting aside a general verdict of a jury and granting a new trial is not a final determination of the rights of the parties, and is not, therefore, a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order."

Error of law should be distinguished in its consequences from abuse of discretion. But for the existence of the Myers case in this jurisdiction, and the fact that there is reason to believe that the trial court in this case was impelled to grant the motion by reason thereof, a different conclusion might be justified in the instant case. The decision of the trial court was honestly but erroneously arrived at in granting this motion. As stated, it seems to us merely an error of law. The granting of a motion hereafter upon evidence of such flimsy incidents will present a different picture.

Having reached this conclusion, we are controlled in our final decision by the case of **Ramsey v Oyler, 133 Oh St 321.** In the Per Curiam opinion of the Court the following paragraph appears at page 323:

"Although the granting of a motion for new trial upon the grounds of misconduct of the jury, as above stated, was erroneous, such action on the part of the trial judge did not amount to an abuse of discretion, and, therefore, no final order was entered from which an appeal would lie to the Court of Appeals."

In this case the trial court granted a motion for a new trial for misconduct on the part of the jury in apparently rendering what is generally known as a "quotient" verdict. The evidence to sustain this conclusion adopted by the trial court was obtained from scraps of paper collected from the floor and waste baskets of and in the jury room after the jury was discharged. The decision of the Supreme Court relating to such situation appeared in the language above quoted.

It seems to us that the situation before us is very much analogous to the situation presented in the last above cited case. The granting of the motion for new trial was erroneous, but did not amount to an abuse of discretion under the circumstances herein above enumerated.

Therefore, there was no final order from which an appeal would lie, and the appeal in this case is therefore dismissed.

TERRELL, PJ., concurs.

MORGAN, J. (Dissenting):

I concur with the majority opinion in this case that the trial court was in error in granting the motion for a new trial and that the opinion in the Myers case neither requires nor justifies such a result.

I am also in accord with the majority opinion that the incidents involved in the instant case are trivial and insignificant.

I go one step farther. It is my opinion that the evidence supporting the granting of the motion for a new trial in this case is so trivial and so insignificant that it does not show or tend to show any prejudice on the part of any juror that sat in this case that would disqualify him to serve as juror. The trial court therefore, in my opinion, was guilty of a gross abuse of discretion in granting the motion for new trial which brings the case within the exception in the syllabus of **Hoffman v Knollman, 135 Oh St 170.**

It is my conclusion therefore that final judgment should be entered by this court for the plaintiff for $500.00, which is the amount of the verdict in the trial court.